**Carl M. WEISBROD,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant–Appellee.**

**No. 88–1696.**

United States Court of Appeals,
Fifth Circuit.

June 20, 1989.

Michael M. Daniel, Julian & Daniel, Dallas, Tex., for plaintiff-appellant.

Michael Jay Singer, Jerome L. Epstein, John R. Bolton, Dept. of Justice, Fed. Programs Branch, Civ. Div., Washington, D.C., for defendant-appellee.

Before REAVLEY and POLITZ, Circuit Judges, and HUNTER *, District Judge.

EDWIN F. HUNTER, Jr., District Judge:

Section 206(a) of the Social Security Act ("ACT")[1], vested the Secretary with authority to set "reasonable" fees that attorneys may charge their clients in administrative proceedings and to institute regulations to fulfill this mandate. A regulation promulgated pursuant to this statute sets forth various factors to be considered when the Secretary sets a fee. Appellant, Weisbrod, an attorney who represents Social Security claimants instituted this suit against the Secretary of Health and Human Services attacking this regulation as impermissibly employing an arbitrary and capricious formula. The Secretary filed a motion for judgment on the pleadings requesting dismissal on multiple grounds. The motion was granted in a one paragraph order.[2] Because we are convinced that the Secretary did not "exceed his statutory authority" and that the regulation is neither arbitrary nor capricious, we affirm the dismissal.

Under the APA, a court may set aside agency action only if it is arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A); *see also Schweiker*, 453 U.S. at 44, 101 S.Ct. at 2640. The court is not to substitute its judgment for that of the agency, *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 415–16, 91 S.Ct. 814, 823–24, 28 L.Ed.2d 136 (1971), and is to be extremely deferential to an agency's interpretation of its governing legislation. *United States Dept. of Transp. v. Paralyzed Veterans of Amer-*

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. 42 U.S.C. § 406(a)

2. The district court determined that the regulation challenged by Weisbrod was not subject to judicial review. Weisbrod argues that the Supreme Court consistently has entertained other challenges to the Secretary's regulations according to the terms of the Administrative Procedure Act ("APA"), 5 U.S.C. 701 et seq. *See, e.g.,*

*Schweiker v. Gray Panthers*, 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). We think it is clear that the district court intended to say that the fee amounts fixed by the Secretary pursuant to this regulation are not subject to judicial review—not the regulation itself. (*See infra*) The Court's possible misstatement does not present a problem because it also held that the challenged regulation is neither arbitrary nor capricious.

*ica,* 477 U.S. 597, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986).

■ Congress delegated to the Secretary broad discretion in the fee fixing area. The Secretary "may, by rule and regulation, prescribe ... maximum fees" and must fix a reasonable fee "in accordance with the regulations prescribed." The regulation the Secretary promulgated in order to fulfill this congressional mandate sets out seven factors to be used in deciding awards of attorney's fees.[3] Both the enabling legislation and the Secretary's regulation appear to be aimed at ensuring that an attorney receives a fair fee for the work he or she performs while at the same time not unduly dissipating the claimant's benefits. Plaintiff insists that because Section 206(a) mandates the award of a reasonable fee, such fees must be based on prevailing market rates in the relevant community and must take into consideration factors that may affect the valuation of the services such as delay in payment and contingency of payment.

In addressing plaintiff's contention it is appropriate to quote from *Schweiker v. Gray Panthers,* 453 U.S. 34, 101 S.Ct. 2633, 69 L.Ed.2d 460 (1981):

> The Social Security Act is among the most intricate ever drafted by Congress. Its Byzantine construction, as Judge Friendly has observed, makes the Act "almost unintelligible to the uninitiated". *Friedman v. Berger,* 547 F.2d 724, 727, n. 7 (CA2 1976), cert. denied, 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977). Perhaps appreciating the complexity of what it had wrought, Congress conferred on the Secretary exceptionally broad authority to prescribe standards for applying certain sections of the Act. *Batterton v. Francis,* 432 U.S. 416, 425, 97 S.Ct. 2399, 2405, 53 L.Ed.2d 448 (1977).

Here, the delegation of authority to the Secretary in section 206(a) is as great as that contained in the provision at issue in *Gray Panthers.* The reasonableness inquiry is an objective one. Is it legitimate and neutral? Is it rationally related to its overall objective? The attorney is invited to submit his evaluation of the worth of his services in the form of a fee petition. 20 C.F.R. § 404.1720(b). The decision maker who sets the fee evaluates, among other things, the level of services, the skill of the attorney, the nature of the case and the extent to which it was pursued, as well as the actual amount the representative requests. 20 C.F.R. § 404.1725(b). Nothing appears more appropriate to achieving a just result.

Nevertheless, we briefly address the major premise of appellant's argument that: delay—contingency—and prevailing rate must be explicitly considered. He contends that because these factors are sometimes used by courts in determining fees *under other statutes,* they must also be explicitly taken into account under section 206(a). None of the cases cited considered fees under section 206(a). The Supreme Court cases cited all involve *fee shifting* statutes such as the Civil Rights Attorney's Fees Awards Act. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). There is no reason why the factors relevant to the fees to be paid *by a losing party to a prevailing party* under such statutes have any bearing on the determination of fees that an attorney may charge a Social Security claimant at the administrative level.

The Supreme Court has never decided what constitutes a "reasonable" fee under section 206(a), or, for that matter, what constitutes a "reasonable" fee outside the context of fee shifting statutes. And the

---

**3.** Those elements are:

(i) The extent and type of services performed;
(ii) The complexity of the case;
(iii) The level of skill and competence required of the representative giving the services;
(iv) The amount of time spent on the case;
(v) The results the representative achieved;
(vi) The level of the review to which the claim was taken and the level of the review at which the representative became your representative; and
(vii) The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred. 20 C.F.R. § 404.1725(b).

lower court decisions cited by plaintiff concerning fees under section 206(b) are limited to the reasonableness of fees for *court* proceedings. Indeed, the assumption that Congress intended the same standards to be applied under sections 206(a) and 206(b) is belied by the fact that Congress enacted two separate statutory provisions for the awarding of fees at the administrative level and in court. Had Congress intended that the two provisions be identical, it surely would not have enacted separate provisions. In enacting section 206(a), Congress did not perceive a need for attorneys in administrative proceedings and was concerned that where attorneys were utilized, their fees be regulated so as to protect Social Security claimants. *See* S.Rep. 734, 76th Cong., 1st Sess. at 53 (1938); H.R. Rep. 728, 76th Cong., 1st Sess. at 44 (1939).

It is entirely rational not to burden claimants by subtracting additional sums from their benefits for delay that is inherent in the system and of which an attorney knew or should have known when he agreed to handle the claim. The actual fee requested is explicitly listed as a factor to be considered. An attorney is free to consider delay "in payment" and "prevailing community rates", when he submits his fee request. Finally, the fact that "contingency of payment" is not explicitly required to be considered is hardly surprising. From every perspective, the Secretary should not be mandated to require successful claimants, many of whom are on limited, fixed incomes, to pay higher attorneys' fees simply because their attorney has taken on other cases on a contingency basis and runs the risk of not being paid in those cases.

Congress explicitly delegated to the Secretary broad authority to promulgate regulations in the fee setting area. The regulations challenged are consistent with the statutory scheme. They constitute a reasonable exercise of delegated power. They are neither arbitrary nor capricious.[4]

The judgment of the district court is "AFFIRMED".

---

4. In some instances, private insurance companies (which already have provided disability payments to the claimants under private insurance plans) pay Weisbrod's fees. The Secretary refuses to exempt these fees that are paid by the insurance companies from regulation. Weisbrod maintains that this practice of regulating the amount of attorney's fees paid by third party insurers while at the same time exempting from regulation the attorney's fees paid by nonprofit organizations and government agencies violates

equal protection. We do not agree. The Supreme Court routinely upholds classifications created by social welfare legislation under the rational basis standard, where as here, no suspect class is involved. *E.g. Schweiker v. Hogan,* 457 U.S. 569, 102 S.Ct. 2597, 73 L.Ed.2d 227 (1982); *Schweiker v. Wilson,* 450 U.S. 221, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981); *Califano v. Jobst,* 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977); *Jefferson v. Hackney,* 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972).