In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2509

Shirley L. Johnson,

Petitioner,

v.

Commissioner of Internal Revenue,

Respondent-Appellee.

Appeal of Joe Alfred Izen, Jr.

Appeal from the United States Tax Court.
Nos. 6452-99, 6453-99--Mary Ann Cohen, Judge.

Argued March 6, 2002--Decided May 3, 2002


Before Posner, Evans, and Williams, Circuit Judges.

Posner, Circuit Judge. Attorney Joe Alfred Izen, Jr., has appeared in the United States Tax Court in many cases since the early 1980s. A number of them, including the recently decided Muhich v. Commissioner, 238 F.3d 860 (7th Cir. 2001), involve the same script: the IRS determines a deficiency arising from the use of sham trusts established for the taxpayer by a promoter; the taxpayer petitions for redetermination of the deficiency; Izen appears for the taxpayer; the case drags on, with the taxpayer sometimes resisting discovery; the court usually finds the taxpayer's arguments frivolous and either threatens or imposes sanctions. Oelze v. Commissioner, 723 F.2d 1162 (5th Cir. 1983) (per curiam); Watson v. Commissioner, 690 F.2d 429 (5th Cir. 1982) (per curiam); Muhich v. Commissioner, 77 T.C.M (CCH) 2143 (1999), aff'd, 238 F.3d 860 (7th Cir. 2001); Ripley v. Commissioner, 53 T.C.M. (CCH) 262 (1987); Dixon v. Commissioner, 79 T.C.M. (CCH) 1803, 1810 (2000).

The present case follows this pattern except that instead of sanctioning the taxpayer the court sanctioned Izen under 26 U.S.C. sec. 6673(a)(2) by ordering him

to pay the attorneys' fees that the IRS had incurred as a consequence of his discovery abuses. Izen appeals, arguing that section 6673(a)(2) is a denial of equal protection; that the Tax Court's sanction was impermissible because really the court disciplined him not for discovery abuses as it said but for representing "disfavored" litigants who promote or utilize sham trusts to avoid taxes, and for allowing his client to invoke the Fifth Amendment in response to the IRS's discovery demands; and that the Tax Court overstated the amount of attorneys' fees that the IRS had incurred as a consequence of his discovery abuses.

In April 1999, Shirley Johnson, an Indiana resident whose severe diabetes hinders her ability to travel, filed in the Tax Court two pro se petitions challenging a notice of deficiency. Then, hiring Izen, a Texas lawyer, to represent her, she--realistically, Izen--took advantage of the Tax Court's liberal rule on venue, Tax Ct. R. 140, to designate Houston as the place for trial. And then the stonewalling began. At first Johnson simply ignored discovery demands. In Sep tember 1999 the Tax Court ordered her to respond to those demands and threatened her with sanctions if she did not. Her response was to answer 27 of 34 interrogatories and 37 of 51 document requests with the words "Fifth Amendment." The IRS requested sanctions, and though declining that relief the court conducted a hearing and ruled that the Fifth Amendment defense was baseless. The court ordered Johnson to cooperate fully in discovery, and scheduled trial for May 3, 2000.

In December 1999 the IRS issued a second set of interrogatories and document requests, but again had to resort to filing a motion to compel. The Tax Court granted the motion and ordered, under an express threat of sanctions, that Johnson comply fully by April 7, 2000. Johnson did not. Instead she gave notice that she would be physically unable to participate in a May trial. The court continued the trial to December 2000 but maintained the May 3 date for hearing the IRS's renewed motion for sanctions.

Izen did not appear on May 3 but instead sent his associate and sister, Jane Afton Izen. The IRS explained to the court what

interrogatories remained unanswered and also noted Johnson's failure to comply with a demand for copies of checks from 1996 and 1997. Expressing skepticism that Johnson had made "a good faith effort to comply with the court's orders," the court again threatened sanctions unless she answered the interrogatories by May 17 and the document requests by July 5. The court also expressed annoyance that Joe Izen had failed to appear. Jane Izen promised to provide the delinquent discovery by the court's deadlines.

May 17 came and went with no response from Johnson. Instead, on May 22 the court received a motion dated May 15 seeking postponement of the now-expired deadline. As grounds Izen offered his busy schedule and Johnson's poor health. The court responded that his workload did not excuse his disobeying the court's orders and this time it promised sanctions if the interrogatories were not answered by June 1. On that day the IRS received partial responses. Later, after missing the July 5 deadline to produce checks from 1996 and 1997, Izen tendered checks from the wrong bank and for the wrong years. These were the same checks Izen had produced twice before; the IRS had repeatedly told him the checks were noncomplying.

On August 21, 2000, the court's patience ran out. After listening to Izen's explanations that he had "inadvertently" failed to answer one of the interrogatories and that Johnson's poor health hampered compliance with discovery orders, the court ruled that Izen had unreasonably and vexatiously multiplied the proceedings within the meaning of 26 U.S.C. sec. 6673(a)(2) and in a subsequent order it sanctioned him in the amount of $9,394 to cover the attorneys' fees incurred by the IRS in trying to obtain compliance with its second set of discovery requests. The court also dismissed Johnson's case for failure to prosecute, a ruling she has not appealed.

Izen contends that section 6673(a)(2) denies equal protection of the laws (actionable under the due process clause of the Fifth Amendment by virtue of the Supreme Court's decision in Bolling v. Sharpe, 347 U.S. 497 (1954)), because it exempts government attorneys, and only government attorneys, from personal

liability for unreasonably and vexatiously multiplying Tax Court proceedings. Izen waived the argument by first including it in a motion under Tax Court Rule 162, the analog to Fed. R. Civ. P. 60(b). Drobny v. Commissioner, 113 F.3d 670, 676-77 (7th Cir. 1996); Heim v. Commissioner, 872 F.2d 245, 246-47 (8th Cir. 1989); see Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir 1995); Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 364-65 (5th Cir. 2000).

Anyway the argument is frivolous. Section 6673(a)(2) states:

Counsel's liability for excessive costs.--Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings unreasonably and vexatiously, the Tax Court may require--

(A)  that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct, or

(B)  if such attorney is appearing on behalf of the Commissioner of Internal Revenue, that the United States pay such excess costs, expenses, and attorneys' fees in the same manner as such an award by a district court.
This language authorizes the Tax Court to sanction government attorneys personally or to require the United States to pay for their misconduct. Izen's contrary argument rests on a misreading. The equal protection claim would be frivolous in any event, as it is easy to imagine a rational basis for treating public lawyers in this respect different from private ones. See Schwarz v. Kogan, 132 F.3d 1387, 1393-94 (11th Cir. 1998); Weisbrod v. Sullivan, 875 F.2d 526, 529 n. 4 (5th Cir. 1989); State v. See, 387 N.W.2d 583, 586-87 (Iowa 1986).

The next issue is Izen's bad faith. We hold (it is a question of first impression at the appellate level) that a finding of "bad faith" is indeed required before an attorney may be sanctioned under section 6673(a)(2). The language of that statute is materially identical to that of 28 U.S.C. sec. 1927, which has been held to require a finding of bad

faith, IDS Life Ins. Co. v. Royal Alliance Associates Inc., 266 F.3d 645, 654 (7th Cir. 2001); Fox Valley Construction Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations, 140 F.3d 661, 666 (7th Cir. 1998); In re Prudential Ins. Co. America Sales Practice Litigation Actions, 278 F.3d 175, 188 (3d Cir. 2002), and the two statutes serve the same purpose, just in different but similar forums, and should therefore be interpreted similarly. See Harper v. Commissioner, 99 T.C. 533, 545 (1992).

Bad faith under section 1927 of the Judicial Code (and hence, we hold, under section 6673(a)(2) of the Internal Revenue Code) is not a subjective concept, as the words "who so multiplies the proceedings in any case unreasonably and vexatiously" (emphasis added) might be thought to imply; "reckless" or "extremely negligent" conduct will satisfy it. IDS Life Ins. Co. v. Royal Alliance Associates Inc., supra, 266 F.3d at 654; Kotsilieris v. Chalmers, 966 F.2d 1181, 1184-85 (7th Cir. 1992); In re TCI Ltd., 769 F.2d 441, 445-46 (7th Cir. 1985); McLane, Graf, Raulerson & Middleton, P.A. v. Rechberger, 280 F.3d 26, 44-45 (1st Cir. 2002); Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 525-26 (5th Cir. 2002); B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002). And appellate review of the decision to impose sanctions is for abuse of discretion, Ragan v. Commissioner, 135 F.3d 329, 337 (5th Cir. 1998); Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir. 1992), as is normally the case with respect to decisions imposing sanctions, e.g., IDS Life Ins. Co. v. Royal Alliance Associates, Inc., supra, 266 F.3d at 654, and is therefore consistent with the general principle that the standards for appellate review of Tax Court decisions are identical to those for appellate review of district court decisions. E.g., Freytag v. Commissioner, 501 U.S. 868, 891 (1991); Estate of Kunze v. Commissioner, 233 F.3d 948, 950 (7th Cir. 2000); 26 U.S.C. sec. 7482(a)(1).

Izen's complaint that the Tax Court based its finding of bad faith on his conduct in other cases is off the mark in two respects. The court placed primary reliance on his conduct in the present case; our recital of the facts showing

that Izen recklessly, and in all likelihood intentionally, obstructed discovery was drawn from the Tax Court's opinion. The court further noted that Johnson's trial memorandum, due on November 17, 2000, was postmarked November 27 yet certified by Izen as having been served on November 22, and that Izen had deposed Johnson without adequate notice to the IRS yet persisted in offering her deposition as evidence despite the court's denying him permission to do so. Izen's repeated flouting of discovery orders even after being threatened with sanctions and promising to comply established his bad faith all by itself. See Castillo v. St. Paul Fire & Marine Ins. Co., 938 F.2d 776, 778-79 (7th Cir. 1991); Godlove v. Bamberger, Foreman, Oswald, & Hahn, 903 F.2d 1145, 1146-48 (7th Cir. 1990); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993).

The Tax Court was not required to ignore Izen's bad conduct in other cases; indeed it would have been remiss not to consider it. S Industries, Inc. v. Centra 2000, Inc., 249 F.3d 625, 628-29 (7th Cir. 2001); In re Joint Eastern & Southern Districts Asbestos Litigation, 22 F.3d 755, 759 n. 8 (7th Cir. 1994); Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001); Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 197 n. 6 (3d Cir. 1988). (Such consideration might, of course, redound to a lawyer's benefit--if his prior record were good, rather than, as in Izen's case, very, very bad.) In prior litigation, Izen's clients were sometimes sanctioned because he employed tactics like those in this case; and dogged good-faith persistence in bad conduct becomes sanctionable once an attorney learns or should have learned that it is sanctionable. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978); In re TCI Ltd., supra, 769 F.2d at 445.

Izen argues that the court penalized him for Johnson's frivolous assertion of her right against self-incrimination. It did not, as a matter of fact; but in any event "if a competent attorney would find no basis for a legal argument, then it does not interfere with zealous advocacy to penalize the repetitious assertion of that argument." Id. at 447. Johnson had the burden of proving that the IRS should

have allowed deductions for certain business expenses. Competent counsel would have recognized that burden as incompatible with asserting a Fifth Amendment privilege covering the entirety of Johnson's business affairs, and so would have declined to make such a claim.

As for Izen's challenge to the amount of the sanction, it is waived because he delayed presenting it to the tax court until his Rule 162 motion.

If anything, the Tax Court treated Izen too gently. But his travails are not over. As his appeal is frivolous, we are issuing an order to show cause why he should not be sanctioned for his antics in this court.

Affirmed.