**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 23, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-60423
Summary Calendar

————————————————

WILLIAM ROBINSON; BEVERLY ROBINSON,

Plaintiffs-Counter Defendants-Appellants,

versus

ANN VENEMAN, Secretary of Agriculture, United States Department
of Agriculture, Farm Service Agency; UNITED STATES DEPARTMENT OF
AGRICULTURE, FARM SERVICE ADMINISTRATION; NORMAN G. COOPER,
Director National Appeals Division,

Defendants-Counter Claimants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(2:99-CV-120)
--------------------

Before WIENER, BENAVIDES, AND STEWART, Circuit Judges.

PER CURIAM:[*]

    William Robinson, Jr., and Beverly Robinson (the "Robinsons")
appeal the district court's grant of summary judgment to the
defendants in the Robinsons' civil action challenging a property
valuation by the Farm Service Agency ("FSA") in a lease/buyback
program.  The Robinsons assert that the district court erred by
granting summary judgment on their claims under the Administrative
Procedure Act ("APA"), 5 U.S.C. § 706, insisting that the final

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agency rulings are arbitrary and capricious, violate the Equal Protection and Due Process provisions of the Constitution, constitute gender discrimination under both the disparate treatment and disparate impact standards, and constitute retaliation for filing discrimination complaints against the FSA. The Robinsons additionally contend that the district court erred by granting summary judgment on their claims under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691.

"Under the APA, the administrative record is reviewed to determine whether the challenged action was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." State of Louisiana ex rel. Guste v. Verity, 853 F.2d 322, 326 (5th Cir. 1988); see 5 U.S.C. § 706(2)(A). The administrative record is also reviewed to determine whether the challenged action was "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B). We will not substitute our judgment for that of the agency, and we defer to the agency's interpretation of its governing legislation. Weisbrod v. Sullivan, 875 F.2d 526, 527 (5th Cir. 1989). As a formal hearing was held on this matter, we review the agency's factual findings only for substantial evidence. See 5 U.S.C. § 706(2)(E); Gore, Inc. v. Espy, 87 F.3d 767, 773 & n.42 (5th Cir. 1996).

The administrative record shows that the FSA followed the proper regulations and considered the relevant facts in making its

2

decision. See 7 C.F.R. § 1951.911(b)(1) (2004); 7 C.F.R. §§ 1951.911(a)(7)(ii), 1922.201 (1997). The Robinsons have not shown that this decision was arbitrary and capricious. See Verity, 853 F.2d at 327.

Neither have the Robinsons shown that they were treated differently than others who were similarly situated. Two of the three persons whom they contend were similarly situated had their property valuations conducted when the applicable regulations concerning appraisals were markedly different, and the appraiser did not find that there was merchantable timber on the third person's property, as he found present on the Robinsons' property. Compare 7 C.F.R. § 1809.1(c) (1992) with 7 C.F.R. § 1922.201 (1997). Therefore, the denial of the Robinsons' equal protection claim is supported by substantial evidence and not otherwise erroneous. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). As there is no evidence that the FSA's actions shock the conscience or interfere with fundamental rights, the Robinsons' substantive due process claim is also without merit. See United States v. Salerno, 481 U.S. 739, 746 (1987).

As the FSA's determination that the Robinsons were not treated differently than similarly situated persons is supported by substantial evidence, the Robinsons have not established a prima facie case of gender discrimination under the disparate treatment standard. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). As the Robinsons did not identify any facially neutral

3

practice of the FSA that allegedly had a disproportionate impact on women, the FSA and district court did not err by not considering the Robinsons' disparate impact claim. See Anderson v. Douglas & Lomason Co., 26 F.3d 1277, 1284 (5th Cir. 1994).

The administrative record shows that the Robinsons filed their discrimination complaint against the FSA after the FSA made the valuation that they are challenging. Although there are record references to a previous discrimination complaint that was filed by a member of the Robinson family, there is no evidence that the cognizant decisionmakers had knowledge of that complaint. Furthermore, there is no evidence establishing a causal link between the FSA's actions and any discrimination complaint. Accordingly, the FSA's denial of the Robinsons' retaliation claim is supported by substantial evidence and not otherwise erroneous. See Ackel v. Nat'l Communications, Inc., 339 F.3d 376, 385 (5th Cir. 2003).

Although (1) the lease/buyback program was an FSA Preservation Loan Servicing Program, (2) some FSA documents referred to the Robinsons as borrowers, and (3) the leases between the FSA and the Robinsons mentioned the possibility that the FSA might finance their purchase of the property, there is no evidence that the Robinsons ever sought or received credit from the FSA. Accordingly, the Robinsons' dealings with the FSA did not involve a credit transaction and the ECOA was inapplicable. See 15 U.S.C. §§ 1691(a), 1691a(d); 12 C.F.R. § 202.2(m); see also Shaumyan v.

4

_Sidetex Co._, 900 F.2d 16, 18-19 (2d Cir. 1990). The Robinsons' contention that the district court found that the ECOA was applicable, and that the defendants did not cross-appeal that ruling, is without merit. The district court granted summary judgment to the defendants on the merits of the Robinsons' ECOA claims without reaching the question whether the ECOA was applicable. We may affirm the district court's judgment "on any grounds supported by the record." _United States v. McSween_, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

The Robinsons have not shown the existence of a genuine issue of material fact regarding either their APA or their ECOA claims. _See_ _Little v. Liquid Air Corp._, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Accordingly, the judgment of the district court is AFFIRMED.