**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5238

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEVERLY M. PARKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (2:05-cr-00019-F-ALL)

Submitted:  February 27, 2008       Decided:  April 8, 2008

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and William L. OSTEEN, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

Joe Alfred Izen, Jr., Bellaire, Texas, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury in the Eastern District of North Carolina charged Beverly M. Parker in a four-count indictment with making false statements on her U.S. Individual Income Tax Return Form 1040 for the tax years 1998 and 1999, in violation of 26 U.S.C.A. § 7206(1) (West 2002 & Supp. 2007) (Counts One and Two), and with attempting to evade income taxes for the tax years 2000 and 2001, in violation of 26 U.S.C.A. § 7201 (West 2002 & Supp. 2007) (Counts Three and Four). Following a trial, a jury convicted Parker of all four counts in the indictment. The district court sentenced Parker to 36-month terms of imprisonment on Counts One and Two and 51-month terms of imprisonment on Counts Three and Four, all to be served concurrently. Parker timely appealed, challenging her convictions and sentences on all four counts. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 2006) and 18 U.S.C.A. § 3742(a) (West 2000 & Supp. 2006). Finding no error, we affirm.

I.

Counts One and Two of the indictment against Parker stemmed from her filing 1040 forms for the tax years 1998 and 1999. Parker's 1040 forms for those years showed zero gross income and zero taxes due even though Parker had a total taxable income, after deductions, of $66,994 in 1998 and $54,183 in 1999. Counts Three and Four stemmed from Parker's failure to file any tax returns for

2

the tax years 2000 and 2001 even though she received a total taxable income of $78,589 in 2000 and $110,862 in 2001.

Parker took several steps to hide her assets from the Government, most of which involved the use of her business venture, North Point Management. For instance, Parker opened a business account for North Point Management using her son's social security number and deposited receipts for property management services into that account. She also transferred one of her personal bank accounts into her daughter's name and deposited checks written on the North Point Management accounts and other funds into that account. In addition, she used funds from the North Point Management bank account for personal expenses including payments on her and her husband's personal credit cards, her mortgage, and her children's cars.

## II.

On appeal, Parker principally contends that the district court erred in denying her motion for judgment of acquittal on Counts One and Two, which charged her with providing false information on tax return forms, because the Government failed to establish that the forms she submitted to the IRS were in fact tax returns.[1] In this

---

[1]Parker argues that the 1040 forms she filed were not "returns" because the IRS deemed them frivolous and did not process them. We have previously held that in order for a document to be considered a tax "return," it must "(1) purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data

3

regard, Parker challenges the sufficiency of the evidence supporting her convictions. We, of course, must sustain the jury verdict if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942).

Contrary to Parker's argument, the Government was not required to prove that the 1040 forms filed by Parker qualified as tax returns. Counts One and Two charged Parker with "willfully mak[ing] and subscrib[ing] a U.S. Individual Income Tax Return Form 1040" for the tax years 1998 and 1999 respectively "which she did not believe to be true and correct as to every material matter," (J.A. at 18-19 (emphasis added)), -- violations of 26 U.S.C.A. § 7206(1). Section 7206(1) prohibits "[a]ny person" from "willfully mak[ing] and subscrib[ing] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." 26 U.S.C.A. § 7206(1) (emphasis added). Even if we assume that Parker's tax return forms are not "returns" within the meaning of § 7206(1), those forms are plainly still "other document[s]" within the meaning of the statute. Thus, it is irrelevant whether they also meet the legal definition of a tax return.

---

to allow calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws." In re Moroney, 352 F.3d 902, 905 (4th Cir. 2003).

Given this conclusion, substantial evidence supports Parker's convictions on Counts One and Two. The evidence demonstrates that (1) Parker submitted 1040 tax forms for the tax years 1998 and 1999 showing zero income; (2) she signed the forms under penalty of perjury; and (3) she in fact received significant income in those years. Because the 1040 forms showing no income were false statements under § 7206(1), substantial evidence supports Parker's convictions on Counts One and Two.[2]

## III.

Parker raises numerous other challenges to both her conviction and her sentence. Our review of the record and consideration of her arguments confirm that these challenges are without merit.[3] We

---

[2]Substantial evidence also supports Parker's convictions on Counts Three and Four, which charged Parker with income tax evasion for tax years 2000 and 2001. The record demonstrates that Parker did not file tax returns for those years even though she had significant taxable income.

[3]For instance, Parker argues that the district court erred when it determined that personal jurisdiction existed over her because rights to U.S. citizenship under the Fourteenth Amendment must be "claimed" and did not automatically attach by virtue of her birth in West Virginia. This argument is obviously frivolous.

Moreover, although we cannot determine whether Parker herself or her counsel, Joe Alfred Izen, Jr., is the source of Parker's frivolous arguments, we note that we are not the first circuit to be faced with frivolous claims presented by Mr. Izen. See Johnson v. Comm'r, 289 F.3d 452, 457 (7th Cir. 2002) (issuing an order "to show cause why [Joe Alfred Izen, Jr.] should not be sanctioned for his antics" in a "frivolous" appeal before the Seventh Circuit).

5

therefore affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED