14-2816-cv
McDonnell v. Schindler Elevator Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------
JOHN McDONNELL,

*Plaintiff-Appellant,*

v.                                                                No. 14-2816-cv

SCHINDLER ELEVATOR CORPORATION, JERRY SPAMPANATO,

*Defendants-Appellees.*
------------------------------------------------------------------------

APPEARING FOR APPELLANT:       DAVID ZATUCHNI, Zatuchni & Associates, LLC, New York, New York.

APPEARING FOR APPELLEES:       MICHAEL J. DIMATTIA (Philip A. Goldstein, *on the brief),* McGuireWoods LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 16, 2014, is AFFIRMED.

Plaintiff John McDonnell, a former elevator maintenance and repairman for defendant Schindler Elevator Corp. ("Schindler"), appeals from an award of summary judgment in favor of defendants on his claims of (1) disability discrimination by Schindler under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., and (2) aiding and abetting such discrimination by defendant Jerry Spampanato under the NYCHRL. We review an award of summary judgment de novo, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue of material fact. See Fed. R. Civ. P. 56; Lynch v. City of New York, 737 F.3d 150, 156 (2d Cir. 2013). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    ADA and NYSHRL Claims

McDonnell argues that the district court erred in concluding, as a matter of law, that he failed to demonstrate prima facie disability discrimination in Schindler's termination of his employment. We understand the district court to have found McDonnell to have failed to carry his burden at the first of the three-step burden-shifting standard articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and applicable to ADA claims.

See McBride v. BIC Consumer Prods. Mfg. Co., 583 F.3d 92, 96 (2d Cir. 2009). At the first step, a plaintiff must adduce evidence that (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. See McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013). A similar standard applies under the NYSHRL. See Spiegel v. Schulmann, 604 F.3d 72, 80 (2d Cir. 2010). We have explained that this burden is not a heavy one. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (characterizing prima facie burden as "minimal and de minimis") (internal quotation marks omitted). Nevertheless, it does require evidence that allows for a reasonable inference of discrimination. See Ruiz v. Cnty. of Rockland, 609 F.3d 486, 493 (2d Cir. 2010).

The district court determined that McDonnell failed to carry his initial prima facie burden as to the fourth element because the record showed that "Schindler employed numerous mechanics who have been injured and has gone out of its way to establish a program to get injured employees back on the job and the payroll as quickly as possible," and McDonnell failed to offer any evidence that Schindler "targeted him specifically for adverse employment action because he was injured." McDonnell v. Schindler Elevator Corp., No. 12-CV-4614 (VEC), 2014 WL 3512772, at *7–9 (S.D.N.Y. July 16, 2014). Nor did the district court think an inference of discriminatory intent could be drawn from (1) Schindler's failure to return McDonnell to his former position at Lord and Taylor's ("L

3

& T") because it was undisputed that L & T refused to accept him back as its resident mechanic due to job performance concerns arising prior to his injury; or (2) Schindler's failure to assign McDonnell to two open positions because "McDonnell was not qualified to perform maintenance on the particular elevator systems in those buildings."   Id.

McDonnell nevertheless argues that there are material factual disputes as to (1) his qualifications for the two open positions, and (2) Schindler's discriminatory intent, given its maintaining and hiring of non-disabled elevator mechanics at the same time McDonnell was laid off for "lack of work."   Upon independent review, we doubt that record evidence on these points is sufficient for a reasonable juror to draw a causal link between McDonnell's disability and the adverse employment action.   See Ruiz v. Cnty. of Rockland, 609 F.3d at 493–95.

But even if we were to conclude McDonnell had carried his initial prima facie burden, that would not entitle him to relief from judgment.   Schindler has proffered numerous legitimate, non-discriminatory reasons for McDonnell's termination, including, inter alia, that (1) McDonnell had an antagonistic relationship with client L & T, whose management refused to take him back after he returned from disability leave; (2) he was near the bottom of the employee "rack and stack" performance evaluation rankings in his district and was difficult to manage; (3) Schindler was reducing its overall workforce and, other than at L & T, had no position servicing machinery with which McDonnell was familiar; and (4) Schindler had an undisputed documented history of successfully returning injured employees back to the workforce.   Thus, Schindler has clearly met its burden of

4

producing non-discriminatory reasons for terminating McDonnell, and McDonnell has not raised a triable issue that these reasons were pretextual.

McDonnell's qualification for the Marriott Marquis position was largely based on his self-serving declaration that he could have serviced its more advanced TXR-5 elevators, even though he chose not to attend Schindler's training sessions for those elevators. While co-worker Canton supported McDonnell's assertion, he had not worked with McDonnell for almost 25 years, and, thus, lacked sufficient personal knowledge of McDonnell's skills or qualifications to render an opinion that was more than speculative. See United States v. Grinage, 390 F.3d 746, 749 (2d Cir. 2004) (stating that lay opinion testimony not "rationally based on the perception of the witness" is inadmissible under Fed. R. Evid. 701); see also Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1998) (cautioning courts "carefully [to] distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture" at prima facie stage). In any event, the two employees who were assigned to work at the Marriott had, like McDonnell, suffered injuries themselves, undermining any claim that McDonnell was not selected for that position because of his disability. As for the Worldwide Plaza position, it did not become available until months after McDonnell had been terminated, at which point McDonnell was again medically incapacitated from a torn rotator cuff.

As for Schindler's hiring and promotion decisions five to six months after McDonnell's termination at places other than the Marriott or Worldwide Plaza, McDonnell

fails to show that he was then qualified or available to assume these positions in light of his torn rotator cuff. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001) (stating inference of discrimination from plaintiff's termination could arise from subsequent hires in situation where employer terminated plaintiff but sought applicants with plaintiff's qualifications for open position). Thus, no reasonable jury could infer discriminatory intent from these hires.

McDonnell's attempts to show disparate treatment of non-disabled maintenance mechanics also fails. While "a plaintiff can make a showing of disparate treatment [sufficient to establish a prima facie case] simply by pointing to the adverse employment action and the many employees who suffered no such fate," id. at 467, that is not this case. Rather, it is undisputed that in the years leading up to McDonnell's termination, Schindler laid off numerous employees as part of company-wide downsizing. The district in which McDonnell worked reduced its mechanics headcount by five positions in 2011. The two mechanics, other than McDonnell, laid off in 2011 from that district were not disabled, undermining any inference of discrimination from McDonnell's layoff. See, e.g., Ruiz v. Cnty. of Rockland, 609 F.3d at 493 (holding that disparate treatment claim requires "showing that an employer treated plaintiff less favorably than a similarly situated employee outside his protected group" (internal quotation marks omitted)).

Accordingly, we conclude that McDonnell failed to establish a triable case of disability discrimination under the ADA and the NYSHRL.

6

2. NYCHRL Claim

McDonnell's NYCHRL claims are properly analyzed "separately and independently" from McDonnell's ADA and NYSHRL claims, Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013), but McDonnell offers no such independent analysis in his briefs, thus abandoning any distinct challenge to this part of the summary judgment award, see United States v. Joyner, 313 F.3d 40, 44 (2d Cir. 2002) (deeming argument not raised in appellate brief abandoned). In any event, we identify no error because the record is devoid of evidence suggesting that McDonnell's termination was at all motivated by disability discrimination. See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d at 116 (stating summary judgment appropriate for NYCHRL claim where plaintiff cannot show proscribed motive "played any part in the employer's decision").

3. Conclusion

We have considered McDonnell's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7