**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 3, 2008
Decided September 16, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3577

ROBERT and INES GILLESPIE,
    *Petitioners-Appellants*,

    *v.*

COMMISSIONER OF INTERNAL REVENUE,
    *Respondent-Appellee*.

Appeal from the United States Tax Court.

Nos. 3405-05L, 3489-05L & 3490-05L

James S. Halpern, *Judge*.

### Order

The Tax Court ordered Robert and Ines Gillespie and their trust to pay a penalty of $15,000 for engaging in frivolous litigation. See 26 U.S.C. §6673(a)(1). The court also ordered Robert Alan Jones, their lawyer, to pay more than $12,000 for his own role. 26 U.S.C. §6673(a)(2). The Gillespies filed a notice of appeal to this court. Jones did not—but he wants us to review the award against him nonetheless.

Neither the caption nor the body of the notice of appeal mentions Jones, who is not a party to the proceeding in the Tax Court. He signed the document as counsel for the Gillespies, not as an appellant. Given *Reed v. Great Lakes Cos.*, 330 F.3d 931 (7th Cir. 2003), the notice of appeal does not present for decision any issues concerning Jones.

Jones asks us to treat his docketing statement under Circuit Rule 3(c) as an implicit amendment to the notice of appeal. *Smith v. Barry*, 502 U.S. 244 (1992), holds that documents other than those with "Notice of Appeal" in the caption can serve as notices of appeal, but only if they include the information required by Fed. R. App. P. 3 and are filed within the time for a notice of appeal. The decisions of the Tax Court affecting Jones are dated July 25, 2007, and Jones had 90 days to appeal. 26 U.S.C. §7483. The docketing statement was not filed until November 1, 2007, after that time had expired. It therefore cannot amend the notice of appeal to include an additional appellant. Our jurisdiction is limited to the arguments presented by the Gillespies.

The Gillespies are, or at least were, tax protesters. They did not attempt to perform their obligations under the Internal Revenue Code. When the Commissioner calculated the taxes due, and issued formal notices and assessments, the Gillespies ignored them. But when the Commissioner proposed to *collect* the assessed taxes, the Gillespies asked for a hearing under 26 U.S.C. §6330(b)(1), which permits taxpayers to discuss with the Commissioner's representatives when and how the amounts due will be paid.

After requesting a hearing, the Gillespies proposed to discuss how much they owed. The statute puts that subject off limits, however. 26 U.S.C. §6330(c)(2)(B). The hearing is supposed to cover which assets will be used to pay, and on what schedule. The agency asked the Gillespies to provide information bearing on those subjects—as well as other information required by law, such as complete tax returns for the years in question. Instead of complying with these requests, the taxpayers (through counsel) demanded that the Internal Revenue Service provide *them* with information justifying the assessments and proposals to collect. The agency then concluded that the Gillespies' failure to cooperate made a hearing pointless and terminated the proceeding.

The Gillespies' petition for review in the Tax Court ignored §6330(c)(2)(B) and featured the argument that the hearing officer should have redetermined how much the couple owed in taxes. The Gillespies also complained that the IRS had called off the hearing without considering collection alternatives—even though the Gillespies had spurned the invitation to propose such alternatives and had failed to supply required information, a failure sufficient in itself to allow the agency to end the proceedings. See *Olsen v. United States*, 414 F.3d 144 (1st Cir. 2005); 26 C.F.R. §301.6330–1(e)(1).

This is enough to show that the petition was frivolous, as the Tax Court found. See *Kindred v. CIR*, 454 F.3d 688 (7th Cir. 2006). The Gillespies' lawyer comes close to conceding this and argues that counsel is entitled to file a petition in order to stall for time while trying to negotiate a settlement. That effectively concedes an abuse of process. There is no right to engage in frivolous litigation in order to delay collection.

The Tax Court's opinion gives other reasons for awarding sanctions. Those reasons, too, are persuasive.

AFFIRMED