T.C. Memo. 2008-242


UNITED STATES TAX COURT


ARTHUR G. KROL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3332-08L.              Filed October 29, 2008.


In 2005, P received a notice of deficiency for
2002.  P's attorney, A, timely filed a petition for
redetermination on P's behalf.  Neither P nor A
appeared when the case was called for trial.  After the
Court issued a show cause order, A appeared and
consented to the dismissal of the case.  R assessed the
deficiency. After P failed to pay the amount owing, R
proposed to levy.  In 2007, P, through A, requested
administrative review and sought only to challenge the
underlying liability.  R rejected the challenge on the
basis of I.R.C. sec. 6330(c)(2)(B) and issued a notice
of determination sustaining the proposed levy.  In
2008, P, through A, filed a levy action with this
Court, seeking only to challenge the underlying
liability.  R filed a motion for summary judgment; the
Court then issued a show cause order requiring A to
explain why A personally should not be liable under
I.R.C. sec. 6673(a)(2)(A) for multiplying the
proceedings unreasonably and vexatiously.

      <u>Held</u>:  R's motion for summary judgment shall be
granted.  I.R.C. sec. 6330(c)(2)(B).
      <u>Held</u>, <u>further</u>, A is liable personally under I.R.C.
sec. 6673(a)(2)(A) for excessive costs.


      <u>Jerry R. Abraham</u>, for petitioner.

      <u>John W. Stevens</u> and <u>Steven L. Karon</u>, for respondent.


                    MEMORANDUM OPINION


    ARMEN, <u>Special Trial Judge</u>:   This case is a collection
action involving a proposed levy.  See sec. 6330(d); Rules 330-
334.[1]  Pending before the Court are (1) respondent's Motion For
Summary Judgment, filed May 27, 2008, pursuant to Rule 121, and
(2) the Court's Order And Order To Show Cause, dated June 27,
2008.

    In his motion, respondent moves for a summary adjudication
in respondent's favor "because, pursuant to I.R.C. 6330(c)(2)(B),
petitioner's receipt of the statutory notice of deficiency
precludes him from challenging the underlying tax liability for
taxable year 2002, the only error assigned in the petition."

    In its order, the Court directed petitioner's counsel of
record Jerry R. Abraham to show cause why the Court should not

---

    [1]  All section references are to the Internal Revenue Code
of 1986, as amended; all Rule references are to the Tax Court
Rules of Practice and Procedure.

conclude that he (i.e., Jerry R. Abraham) did not multiply the proceedings unreasonably and vexatiously and why, therefore, the Court should not require him, pursuant to section 6673(a)(2)(A), to pay personally the excess costs, expenses, and attorney's fees reasonably incurred because of his conduct.[2]

At the time that the petition was filed, both petitioner and Attorney Jerry R. Abraham resided in the State of Michigan.

Background

Our summary of the relevant facts necessarily begins with petitioner's prior action in this Court (dkt. No. 14170-05) because that prior action is not only the linchpin of respondent's summary judgment motion in the instant action (docket No. 3332-08L) but also central to our show cause order.

A. Petitioner's Action for Redetermination at Dkt. No. 14170-05

By a notice of deficiency dated April 25, 2005, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2002.[3] See sec. 6212(a). The deficiency was attributable to respondent's determination that petitioner had

_____

[2] For convenience, we shall hereinafter generally refer to petitioner's counsel of record Jerry R. Abraham as Attorney Jerry R. Abraham.

[3] In that notice, respondent also determined an addition to tax under sec. 6651(a)(1) for failure to timely file and an accuracy-related penalty under sec. 6662(a) for negligence or disregard of rules or regulations.

failed to include on his income tax return for 2002 gambling winnings in the aggregate amount of $415,625, as reported by casinos in Las Vegas, Nevada, and Detroit, Michigan.[4]

In response to the notice of deficiency, petitioner commenced a case in this Court by timely filing a petition for redetermination of deficiency, which case was assigned docket No. 14170-05. See secs. 6213(a), 7502, 7503. The petition, which was filed "by and through counsel", was subscribed by Attorney Jerry R. Abraham as "Attorney for Petitioner". Attorney Jerry R. Abraham was (and remains) a member of the bar of this Court.

In the petition for redetermination, petitioner disputed the deficiency in tax, as well as the addition to tax and accuracy-related penalty. The substantive paragraphs of the petition and the prayer for relief recited as follows:

> 4. The amount of the tax liability as set forth in said Notice of Deficiency is based upon an erroneous computation of taxpayer's gambling winnings as no offset is provided for taxpayer's gambling losses as allowed by Internal Revenue Code § 165(d).
>
> 5. Commissioner's inaccurate calculations stem from resulting inaccuracies relating both to taxpayer's gambling winnings and losses.
>
> WHEREFORE, Petitioners [sic] respectfully request that this Court disallow these revisions as pertaining to Petitioner's gambling winnings and losses and abate

---

[4] The inclusion in income of unreported gambling winnings also served to decrease otherwise allowable itemized deductions claimed by petitioner on Schedule A, Itemized Deductions. See sec. 68.

the relevant portion of the existing liability with any accompanying penalties.

In due course, and pursuant to notice provided by certified mail, dkt. No. 14170-05 was called for trial on June 12, 2006, at Detroit, Michigan.[5] However, at that time, there was no appearance by or on behalf of petitioner. In contrast, counsel for respondent appeared and filed a Stipulation Of Facts.[6] Also, counsel for respondent orally moved to dismiss the case for lack of prosecution.[7]

In response to the Court's inquiry regarding the absence of Attorney Jerry R. Abraham, counsel for respondent surmised as follows:

> I talked to Mr. Abraham a month and a half ago, he returned my calls. The only issue he said was, his client still needed to get documentation to him showing the losses from the gambling income. That was his only issue.
>
> That's why he didn't originally get a Tax Court memo, because when Attorney Jerry Abraham got them to me, I was going to take them, and if he had some losses, then make an adjustment. My guess is, his client never gave him any evidence of any losses to offset the gambling income.

---

[5] The case was called at Detroit because Attorney Jerry R. Abraham, acting on behalf of petitioner, had designated that city "for all trial proceedings in this matter."

[6] The Stipulation Of Facts had been executed by Attorney Jerry R. Abraham on June 5, 2006, and by respondent's counsel on June 9, 2006.

[7] Subsequently, respondent's counsel reduced his motion to writing and, on June 13, 2006, filed a Motion To Dismiss For Lack Of Prosecution. Counsel for respondent served his motion on Attorney Jerry R. Abraham by mail on June 12, 2006.

The Court responded as follows:

> Well, that might be so, but this is an opportunity for Petitioner's counsel to come to Court and indicate to the Court what he wants the Petitioner to do with his case.
>
> Merely not to show is not a satisfactory response. Therefore, the Court is going to order a show cause hearing to Mr. Abraham as to why he should not be sanctioned for failure to appear.  *  *  *

On June 13, 2006, the Court served an Order To Show Cause dated June 12, 2006, on Attorney Jerry R. Abraham directing him to appear on June 19, 2006, at Detroit, Michigan, and show cause why the Court should not impose a sanction on him for excessive costs pursuant to section 6673(a)(2).

At the show cause hearing, Attorney Jerry R. Abraham appeared, as did counsel for respondent.  The transcript for that hearing includes the following colloquy:

> MR. ABRAHAM:  Basically, back on June the 6th I made a call to the District Counsel attorney and I advised him that my client still had not given us the documents that we needed and that I told him, in addition, that if he did not give it to me by June the 7th, we would sign a consent.[8]
>
> *     *     *     *     *     *     *
>
> THE COURT:  A consent to what?
>
> MR. ABRAHAM:  To judgment.
>
> *     *     *     *     *     *     *

---

[8]  Notwithstanding the professed lack of documentation, Attorney Jerry R. Abraham never filed a motion for continuance, either before or at the trial session.

THE COURT: And, counsel, are you now saying you don't object to the granting of that motion [to dismiss for lack of prosecution]?

MR. ABRAHAM: At this time I do not.

THE COURT: Well, first, let me say this, sir: that I can see perhaps some room for confusion, but as counsel of record, it's your obligation to make sure that either the matter is properly taken care of or you appear here to inform the Court as to the status. You understand that?

MR. ABRAHAM: Yes. I do.

THE COURT: All right. I'm going to grant the motion to dismiss for lack of prosecution and deem that you have satisfied the motion to show cause, Mr. Abraham. Thank you very much.

MR. ABRAHAM: Thank you.

Thereafter, by Order Of Dismissal And Decision entered and served July 3, 2006, the Court granted respondent's Motion To Dismiss For Lack Of Prosecution, thereby sustaining all of respondent's determinations in the April 25, 2005 notice of deficiency.

Petitioner did not file any posthearing motion or a notice of appeal. Accordingly, the Court's Order Of Dismissal And Decision at dkt. No. 14170-05 became final in due course. See secs. 6214(d), 7481(a)(1), 7483. Thereafter, respondent assessed the deficiency, addition to tax, and accuracy-related penalty, together with statutory interest. See secs. 6215(a), 7459(d); see also sec. 6601(a).

B. Petitioner's Collection Action at Dkt. No. 3332-08L

As previously stated, the instant case (dkt. No. 3332-08L) is a collection action involving a proposed levy. The commencement of that action had as its origin petitioner's failure to pay, upon notice and demand made pursuant to section 6303(a), the liability arising out of petitioner's above-described action for redetermination of deficiency. The collection action developed as follows:

On August 2, 2007, respondent sent petitioner a Notice Of Intent To Levy And Notice Of Your Right To A Hearing (final notice of intent to levy) in respect of petitioner's outstanding liability for 2002. In response to the final notice of intent to levy, petitioner, acting through his power of attorney (POA) Jerry R. Abraham, filed with respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing.[9] The reason given for objecting to the proposed levy was as follows:

> Taxpayer requests a re-open audit. He know [sic] has
> located evidence of gambling losses to offset winnings
> and negate the assessed tax.

Following a telephone conference between Attorney Jerry R. Abraham and respondent's settlement officer, respondent's Appeals

---

[9] Petitioner's power of attorney Jerry R. Abraham is the same Jerry R. Abraham who was petitioner's counsel of record in the action for redetermination of deficiency at dkt. No. 14170-05 and is the same Jerry R. Abraham who is petitioner's counsel of record in the instant collection action (dkt. No. 3332-08L). For convenience, we shall hereinafter refer to petitioner's power of attorney Jerry R. Abraham as Attorney Jerry R. Abraham.

Office sent petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) dated January 18, 2008.  In the notice of determination, respondent's Appeals Office sustained the proposed levy.

The Attachment to the notice of determination states, in part, as follows:

ISSUES RAISED BY THE TAXPAYER

In your written request, Form 12153, your POA raised the liability as an issue.

At the telephone conference, your POA was advised you are not able to raise the liability as an issue under CDP [Collection Due Process] because you had a prior opportunity to do so.  Your POA agreed.

*    *    *    *    *    *    *

OTHER ISSUES RAISED

No other issues were raised.  Your POA did not ask for a collection alternative.

In response to the notice of determination, petitioner timely filed the instant collection action (levy action), which action was assigned docket number 3332-08L.  The petition was subscribed by both petitioner individually and by Attorney Jerry R. Abraham as counsel for petitioner.

The two (and only) substantive paragraphs of the petition provide as follows:

5.  The underlying liability is not accurate.  The original deficiency assessment was based primarily upon gambling winnings, but it did not include any

information relating to relevant offsetting losses. These offsetting losses will greatly reduce this taxpayer's taxable income as well as his corresponding tax liability. Evidence of these losses was provided to the Service, but no adjustments have been made to decrease the current liability. Therefore, taxpayer requests that collection ceases pending the accurate adjustment of the 2002 tax liability.

6. Taxpayer has presented documentary evidence of gambling losses which should be offset against his recorded gambling winnings. This evidence has been presented to the Service, but has not yet resulted in any adjustment.

After filing an Answer, respondent filed his Motion For Summary Judgment. See Rules 36, 121. As previously stated, respondent moves for a summary adjudication in respondent's favor "because, pursuant to I.R.C. [section] 6330(c)(2)(B), petitioner's receipt of the statutory notice of deficiency precludes him from challenging the underlying tax liability for taxable year 2002, the only error assigned in the petition."

The heart of respondent's motion lies in paragraphs 11 and 12 thereof, which paragraphs state as follows:

11. Because the petitioner received the notice of deficiency in sufficient time to petition the Tax Court and did do so, it was improper for petitioner to challenge the tax liability to which the statutory notice of deficiency related.

12. Because it was improper for the taxpayer to challenge in the CDP hearing the existence or amount of petitioner's liability with respect to taxable year 2002, the validity of petitioner's underlying tax liability is not properly at issue before this Court. [Sego v. Commissioner, 114 T.C. 604 (2000)].

On June 13, 2008, petitioner, through Attorney Jerry R. Abraham, filed a Response In Opposition to respondent's motion. Therein petitioner contends that respondent's reliance on section 6330(c)(2)(B) is erroneous for two reasons.

> First, the general statutory directive of Section 6330 is to allow an aggrieved taxpayer to raise any and all "alternatives to collection" which are appropriate in any given context. Second, while Section 6330(c)(2)(B) does limit the scope challenges [sic] to the accuracy of a liability, it does **not** do so when the taxpayer "did not otherwise have an opportunity to dispute such tax liability." Id.

On June 27, 2008, the Court issued its Order And Order To Show Cause. The Court's order directed Attorney Jerry R. Abraham to show cause why the Court should not conclude that he (i.e., Attorney Jerry R. Abraham) multiplied the proceedings unreasonably and vexatiously and why, therefore, the Court should not require him, pursuant to section 6673(a)(2)(A), to pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of his conduct.

On August 18, 2008, Attorney Jerry R. Abraham filed a Response To Order To Show Cause. In it, Attorney Jerry R. Abraham asserts that petitioner "steadfastly" continues to request "an accurate re-determination of his 2002 tax liability" and, toward that end, has sought "this forum to request a re-open audit as an alternative to the full collection of a tax liability which he knew to be inaccurate." Attorney Jerry R. Abraham further asserts that "a request for a re-open audit" is a

"collection alternative" and that a collection alternative is specifically identified by section 6330(c)(2)(A)(iii) as an appropriate issue to be considered at a collection-related hearing.  Attorney Jerry R. Abraham then concludes as follows:

Section 6330(c)(2)(B) * * * clearly limits the ability to challenge an underlying tax liability as generated through a deficiency assessment.  However, the statute [section 6330(c)(2)(B)] also clearly provides that such limitation for challenge cannot apply when a taxpayer "did not otherwise have an opportunity to dispute such tax liability."  In the present action, this Petitioner was not afforded such an opportunity.

Granted that this taxpayer availed himself of the full appeals process surrounding his 2002 liability, but he simply could not have been afforded any reasonable opportunity to challenge the assessment without further corroboration or evidence of his losses.  Without this kind of evidence, he could not have been afforded an effective opportunity to challenge the deficiency based on all the merits of his case.

A hearing on the Court's June 27, 2008 Order And Order To Show Cause was held in Washington, D.C., on August 20, 2008.  Having filed the aforementioned August 18, 2008 Response To Order To Show Cause, Attorney Jerry R. Abraham chose not to attend in person.  (So did petitioner.)  In contrast, counsel for respondent did appear and argued in support of a finding that Attorney Jerry R. Abraham unreasonably and vexatiously multiplied proceedings and, as a result, should pay personally excess costs, expenses, and attorney's fees pursuant to section 6673(a)(2)(A).  Respondent's motions counsel also introduced a Declaration by respondent's field counsel John W. Stevens of Detroit, Michigan,

detailing the time spent (a total of 10.0 hours) dealing with dkt. No. 3332-08L. Counsel requested that respondent be compensated at the rate of $150 per hour.

Following the aforementioned hearing, the Court issued an Order dated August 25, 2008, directing Attorney Jerry R. Abraham to file a response to the Declaration from respondent's field counsel. Attorney Jerry R. Abraham complied with that order by filing a Response on September 10, 2008.

In his Response, Attorney Jerry R. Abraham argues that respondent's field counsel's "ten hour computation is disproportionate and inaccurate." Attorney Jerry R. Abraham further argues that he (i.e., Attorney Jerry R. Abraham) "pursued an accepted administrative strategy of audit reconsideration which appeared to fall within the broad statutory mandate of Internal Revenue Code ('IRC') Section 6330(c)(2)(A)(iii)" and that he acted neither vexatiously nor in bad faith.

Discussion

A. Respondent's Motion

The record is clear that respondent sent petitioner a notice of deficiency for 2002 and that petitioner received it in sufficient time to file a petition for redetermination of deficiency with this Court. Indeed, petitioner timely filed such a petition. Thus, petitioner had an opportunity to dispute his underlying tax liability. The fact that petitioner squandered

that opportunity by failing to appear at trial and by consenting to the dismissal of the case is irrelevant.

In view of the foregoing, section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying liability in the instant collection action. This Court so held in Sego v. Commissioner, 114 T.C. 604 (2000), and has continued to so hold in an uninterrupted line of cases.[10] In short, petitioner is statutorily barred from challenging the existence or amount of his underlying liability in the instant collection action.

The record is equally clear that petitioner did not, and has not, offered a collection alternative. A collection alternative, which may include the posting of a bond, the substitution of other assets, an installment payment agreement, or an offer-in-compromise, see sec. 6330(c)(2)(A)(iii), does not contemplate a challenge to the existence or amount of the underlying liability in the guise of a "request for a re-open audit". Petitioner's assertion to that effect ("the general statutory directive of Section 6330 is to allow an aggrieved taxpayer to raise any and

---

[10] Insofar as sec. 6330(c)(2)(B) is concerned, we are not aware of a single case from any other Federal court that is contrary to Sego v. Commissioner, 114 T.C. 604 (2000), and its numerous progeny. Indeed, petitioner cites no case, from this or any other court, in support of his position regarding sec. 6330(c)(2)(B).

all 'alternatives to collection' which are appropriate in any given context") is nothing but sophistry.

Because petitioner raised no issue other than his underlying liability, and because petitioner is statutorily barred from raising that issue, the Court shall grant respondent's Motion For Summary Judgment.  Sec. 6330(c)(2)(B).

B.  <u>Order To Show Cause</u>

We turn now to the Court's Order And Order To Show Cause dated June 27, 2008.  We must first decide whether Attorney Jerry R. Abraham is liable under section 6673(a)(2) for excessive costs.  If we decide that Attorney Jerry R. Abraham is so liable, then we must also decide the amount of his liability.

1.  <u>Counsel's liability for excessive costs</u>

Section 6673(a)(2)(A) provides as follows:

(2) Counsel's Liability for Excessive Costs.-- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require–

(A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct * * *

See <u>Estate of Allison v. Commissioner</u>, T.C. Memo. 2008-149, for the most recent case applying section 6673(a)(2)(A) as a sanction against an attorney for a taxpayer. See also Rule 33(b).[11]

Attorney Jerry R. Abraham commenced, and has prosecuted, the instant collection action seeking only to challenge the existence or amount of petitioner's underlying liability, notwithstanding the clear statutory bar of section 6330(c)(2)(B). Attorney Jerry R. Abraham has done so notwithstanding his knowledge that

---

[11] Rule 33(b) deserves to be quoted; thus, in relevant part:

> (b) Effect of Signature: The signature of counsel or a party constitutes a certificate by the signer that the signer has read the pleading; that, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The signature of counsel also constitutes a representation by counsel that counsel is authorized to represent the party or parties on whose behalf the pleading is filed. * * * If a pleading is signed in violation of this Rule, the Court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable counsel's fees.

See <u>Gillespie v. Commissioner</u>, T.C. Memo. 2007-202, affd. on other issues 102 AFTR 2d 6215, 2008-2 USTC par. 50,552 (7th Cir. 2008), for a case in which we justified sanctions against a taxpayers' attorney under both sec. 6673(a)(2)(A) and Rule 33(b).

petitioner received the April 25, 2005 notice of deficiency in sufficient time to file an action for redetermination with this Court, as demonstrated by the fact that he himself (i.e., Attorney Jerry R. Abraham) commenced and prosecuted the action for redetermination of deficiency at dkt. No. 14170-05. The fact that Attorney Jerry R. Abraham agreed to the granting of the Respondent's Motion To Dismiss For Lack Of Prosecution (and never even filed a motion for continuance) in no way avoids the fact that Attorney Jerry R. Abraham himself commenced and prosecuted the action for redetermination and was therefore fully aware of that action.

Further, Attorney Jerry R. Abraham has cited no case from this or any other Federal court that would even remotely justify, given the clear statutory bar of section 6330(c)(2)(B), the commencement and prosecution of the instant collection action that seeks only to challenge the existence or amount of the underlying liability.

The argument by Attorney Jerry R. Abraham suggesting that petitioner "did not otherwise have an opportunity to dispute such tax liability" constitutes a reckless disregard of both fact and well-established law.

The argument by Attorney Jerry R. Abraham that appears to equate a challenge to the existence or amount of the underlying liability to a collection alternative is specious. In our view,

litigation that is commenced and prosecuted without regard to section 6330(c)(2)(B) is frivolous, and we cannot imagine any purpose for such litigation other than to delay collection. See infra note 13.

The present case does not involve a lay person untutored in the law. Rather, it involves an attorney who is a member of the bar of this Court. Practicing as he does before this Court, Attorney Jerry R. Abraham should possess knowledge of section 6330, the statute that regulates pre-levy procedures, and specifically subsection (c)(2)(B) thereof.[12] That statute has been part of the Internal Revenue Code since 1998 and has been the subject of numerous opinions of this Court. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746; Sego v. Commissioner, 114 T.C. 604 (2000), and its progeny.

In commencing the instant action, Attorney Jerry R. Abraham has disrespected the clear bar of section 6330(c)(2)(B), and he

---

[12] If Attorney Jerry R. Abraham wishes to impugn his level of competence, then suffice it to say that he was expressly educated as to the bar of sec. 6330(c)(2)(B) by respondent's Appeals settlement officer who, in the Attachment to the notice of determination, told him that "you are not able to raise the liability as an issue under CDP because you had a prior opportunity to do so." (Attorney Jerry R. Abraham has never contradicted the Appeals settlement officer's statement, nor has Attorney Jerry R. Abraham ever contradicted the Appeals settlement officer's further statement that "Your POA agreed", i.e., that Attorney Jerry R. Abraham agreed with the Appeals settlement officer's statement.)

has done so without principled justification.[13]  In so doing we find that he acted not only recklessly but in bad faith in commencing and prosecuting the instant case.  See Takaba v. Commissioner, 119 T.C. 285, 296-297 (2002).

In sum, Attorney Jerry R. Abraham has unreasonably and vexatiously multiplied the proceedings and should therefore pay personally the excess costs, expenses, and attorneys' fees reasonably incurred by respondent because of his conduct.  Sec. 6673(a)(2)(A).

### 2.  Amount of Counsel's Liability

We turn now to the amount that Attorney Jerry R. Abraham should pay.

This amount is a function of the time spent by respondent's counsel and the rate at which counsel should be compensated.

---

[13]  See Gillespie v. Commissioner, 102 AFTR 2d 6215, 2008-2 USTC par. 50,552 (7th Cir. 2008), a case in which the Tax Court petition executed by the taxpayers' attorney ignored sec. 6330(c)(2)(B) and challenged the existence or amount of the underlying liability.  In its Order, the Court of Appeals cited sec. 6330(c)(2)(B) and stated that "The statute puts that subject [how much the taxpayers owed] off limits".  The Court of Appeals went on to state as follows:

> The [taxpayers'] lawyer comes close to conceding [that the petition was frivolous] and argues that counsel is entitled to file a petition in order to stall for time while trying to negotiate a settlement.  That effectively concedes an abuse of process.  There is no right to engage in frivolous litigation in order to delay collection.

The record includes a Declaration by respondent's field counsel in Detroit, Michigan detailing time spent by him in dealing with the instant case, a total of 10 hours.  Other than 2 hours to review "requirements for filing a motion for summary judgment", we find the time spent reasonable.[14]  In our view, 8 hours to review the petition and to file an answer, to draft a motion for summary judgment, to attempt (on more than one occasion) to contact Attorney Jerry R. Abraham to ascertain petitioner's position, to revise the motion, to review Attorney Jerry R. Abraham's response in opposition to the motion, to review the Court's June 27, 2008 Order And Order To Show Cause, to coordinate with other members of Chief Counsel's Office regarding that matter and provide them with documentation, and to prepare the Declaration is not "disproportionate and inaccurate" as alleged by Attorney Jerry R. Abraham.[15]

Finally, respondent's request that attorney time be compensated at the rate of $150 per hour is reasonable. Moreover, that rate is consistent with other cases.  E.g., Gillespie v. Commissioner, T.C. Memo. 2007-202, affd. on other

---

[14]  We emphasize that the Declaration represents time spent by respondent's field counsel in Detroit, Michigan.  Not included is time spent by any of counsel's supervisors or by respondent's other counsel (or supervisors) in preparing for and attending the hearing in Washington, D.C.; that time has not been separately listed in any other declaration filed with the Court.

[15]  We note that Attorney Jerry R. Abraham has not requested a hearing on this matter.

issues 102 AFTR 2d 6215, 2008-2 USTC par. 50,552 (7th Cir. 2008); see also Takaba v. Commissioner, supra at 303-305; Matthews v. Commissioner, T.C. Memo. 1995-577, affd. without published opinion 106 F.3rd 386 (3d Cir. 1996). Finally, Attorney Jerry R. Abraham has not suggested that any specific lesser rate is more appropriate.

In sum, the "lodestar" amount, see Harper v. Commissioner, 99 T.C. 533, 549 (1992), for respondent's counsel's time is $1,200 (8 hrs. x $150/hr.).

Conclusion

We shall enter an Order And Order And Decision: (1) Granting respondent's Motion For Summary Judgment, filed May 27, 2008; (2) deciding that respondent may proceed with collection for the taxable year 2002 as determined in the notice of determination dated January 18, 2008, upon which notice this case is based; (3) making our June 27, 2008 order to show cause absolute; (4) and ordering Attorney Jerry R. Abraham to pay personally $1,200 to the United States as a penalty pursuant to section 6673(a)(2)(A).

An order and order and decision consistent with the foregoing shall be entered.