NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0698n.06
Filed: November 14, 2008

No. 07-2388

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LAURA DAVIS, et al., | ) | |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES TAX COURT |
| COMMISSIONER OF INTERNAL REVENUE, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, DAUGHTREY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Jeffrey Davis and his attorney, Robert Jones, appeal the United States Tax Court's orders imposing monetary sanctions on them for pursuing frivolous claims and unnecessarily multiplying litigation concerning Davis's tax liability. We dismiss Jones's appeal and affirm the sanctions on Davis.

I.

Jeffrey and Laura Davis—like Robert Jones's clients in *Gillespie v. Comm'r*, 2008 WL 4218808 (7th Cir. 2008)—"are, or at least were, tax protestors." *Id.* at *1. The Davises underpaid their joint federal income taxes in 1997, 1998, and 1999 by diverting their income to a sham trust. The trust also underpaid its taxes in 1999. Upon discovering the underpayments, the Internal

Revenue Service sent various notices of deficiency to both the Davises and to the trust. These notices provided the Davises with an opportunity to challenge the alleged deficiencies in the United States Tax Court.

Jeffrey Davis, but not Laura, filed such a challenge with respect to the 1997 and 1998 deficiencies. But he failed to prosecute the challenge or to answer the Commissioner's discovery requests. The tax court upheld the IRS's determination and imposed a $25,000 penalty on Davis pursuant to 26 U.S.C. § 6673(a)(1) for instituting or maintaining the case primarily for delay. (That is not the sanction at issue here.) Davis did not appeal. Neither the Davises nor the trust disputed the 1999 deficiency notices. Consequently, the IRS issued tax assessments against both Davises and the trust for all three tax years.

The Davises did not pay the assessments. As a result, the IRS sent them a "Final Notice–Notice of Intent to Levy and Notice of Your Right to a Hearing," for each tax deficiency. In response, the Davises retained Jones as their attorney, and requested a Collection Due Process (CDP) hearing. They alleged the existence of "impermissible whipsaws," and claimed that Laura Davis was "an 'innocent spouse.'" But Laura Davis did not submit an IRS Form 8857, which is a prerequisite to obtaining tax relief as an innocent spouse.

The IRS Settlement Officer for the case, Michael Freitag, set the CDP hearing date for July 19, 2004. At Jones's request, Freitag postponed the hearing until August 24, 2004. Jones failed to appear on that date. The hearing was eventually held by telephone on September 7, 2004.

At the hearing, Freitag found that, by statute, the Davises and the trust could not contest their underlying tax liability because each had received a notice of deficiency and because the tax court

had already determined that Jeffrey Davis was liable for payments in tax years 1997 and 1998. Freitag also noted that he could not consider any collection alternatives because the Davises had not presented any. Freitag therefore issued notices of determination sustaining the government's filings and proposed tax levies.

The Davises then filed petitions for review of that ruling in the tax court. They claimed the IRS had wrongly disallowed certain deductions and had used "impermissible whipsaws." J.A. 85. They also alleged they had not been allowed to present collection alternatives, and had not been granted "sufficient time to retrieve IRS documentation[.]" Finally, they claimed that the assessments violated the statute of limitations, and that Laura Davis was an "innocent spouse."

The Commissioner moved for summary judgment as to each of the assessments, which the tax court granted as to most issues. The court held that the Davises had improperly attempted to challenge their underlying tax liability, and that their "whipsaw" claim was "without content or explanation[.]" The court also held that Freitag had not entertained collection alternatives for the simple reason that the Davises had not provided any. Similarly, the court held that the IRS had no obligation to provide documents the Davises had never requested. *Id.* at 584. The court further held that Laura Davis's failure to file a Form 8857 precluded her claim for relief as an innocent spouse. *Id*. at 586. The court did not grant summary judgment as to the Davises' statute of limitations defense, because the court "fail[ed] to understand petitioner's argument, which may involve a material issue of fact." *Id*.

The court then considered sanctions. It noted its impression that the Davises may have "instituted and maintained this proceeding primarily to delay" collection of taxes, that they had

"raised frivolous arguments and relied on groundless claims,"and that "counsel [Jones] may have taken actions to multiply this proceeding unreasonably and vexatiously." *Id.* at 587. The court ordered the parties to appear and "show cause why a penalty pursuant to section 6673(a)(1) should not be imposed" upon Jeffrey Davis and Robert Jones. *Id.*

The parties appeared for the hearing on February 28, 2006. They announced they had reached a settlement as to the taxes owed, and that the Davises had abandoned their statute of limitations defense. The hearing then proceeded on the sanctions issue. The court issued its decision on July 24, 2006, imposing a $15,000 sanction on Jeffrey Davis. The court found that Davis had brought and maintained his claims "primarily for delay," and that "he raised frivolous arguments and relied on groundless positions." *Davis v. Comm'r*, 94 T.C.M. (CCH) 81 (2007) at *9.

The court also sanctioned Jones for "intentionally abus[ing] the judicial process by bringing and continuing these cases." The court cited several cases in which Jones—unsuccessfully—made near-identical arguments on behalf of other taxpayers. *Id.* at *12. The court also stated that it had "no doubt that Mr. Jones has known all along that petitioners' claims lack merit." *Id.* The sanctions against Jones totaled $25,800.00.

This appeal followed. Both Davis and Jones now seek to challenge the sanctions imposed on them.

## II.

This case appears to be virtually identical to *Gillespie*—in which Jones was counsel. The result we reach here is identical to the result the Seventh Circuit reached there.

## A.

Like the Seventh Circuit in *Gillespie*, we lack jurisdiction to consider Jones's appeal of the sanctions imposed on him. "A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal." Fed. R. App. P. 3(c). "The requirements of Rule 3(c) are jurisdictional in nature, and the court of appeals may not waive or diminish the rule's requirements." *Maerki v. Wilson*, 128 F.3d 1005, 1007 (6th Cir. 1997).

Jones did not meet those requirements here with respect to his putative appeal of the sanctions imposed on him. Jones filed a single notice of appeal. Its caption listed "Laura K. Davis, et al." as Petitioners. The body of the notice read as follows:

> Notice is hereby given that *Laura K. Davis and Jeffrey Davis*, hereby appeal to the United States Court of Appeals for the Sixth Circuit from the Order and Decision of this Court entered in the above captioned proceeding on the 24th day of July 2007, T.C. Memo. 2007-201.
>
> Respectfully submitted this 16th day of October, 2007.
>
> Robert Alan Jones, esq. [sic]
> Attorney for Laura K. Davis and Jeffrey Davis

(Emphasis added.)

Thus, in this case, as in *Gillespie*, "neither the caption nor the body of the notice of appeal mentions Jones, who is not a party to the proceeding in the Tax Court." *Id*. at *1. And here, as there, "he signed the document as *counsel . . .* not as an appellant." *Id*. (emphasis added). Consequently, "the notice of appeal does not present for decision any issues concerning Jones." *Id.* Binding precedent from this court—namely, *Maerki*—compels the same conclusion. There, as here, a party and his attorney were each sanctioned by the lower court. *Maerki*, 128 F.3d at 1007. Each sought to overturn the award. *Id.* And there, as here, the attorney sought to argue his own appeal after failing

to list himself as an appellant on the notice of appeal. *Id.* at 1008. We held that, "[b]ecause it is possible that only one party will appeal a judgment entered against multiple parties, and because the notice of appeal in this case clearly indicated [the client's] intent to appeal, it cannot be said that the notice's reference to the March 19 judgment provided objectively clear notice of [the attorney's] intent to appeal." *Id.* at 1007-08.

The same is true here. The notice of appeal nowhere mentions Jones's intent to appeal. We therefore lack jurisdiction to hear his appeal of the sanctions award against him.

B.

We next address Davis's appeal. We review for abuse of discretion the tax court's imposition of sanctions under 26 U.S.C. § 6673(a)(1). *Hauck v. Comm'r*, 64 Fed. App'x 492, 493 (6th Cir. 2003) (unpublished).

Section 6673(a)(1) allows the tax court to impose sanctions on a party where "proceedings before [the court] have been instituted or maintained by the taxpayer primarily for delay," or "the taxpayer's position in such proceeding is frivolous or groundless," or "the taxpayer unreasonably failed to pursue available administrative remedies[.]" 26 U.S.C. § 6673(a)(1).

Here, the tax court found Davis's claims to be meritless and instituted primarily for delay. The court observed that Davis had no basis to challenge his underlying tax liability, because he had received notices of deficiency and an adverse judgment. The court also noted that Laura Davis had not filed a Form 8857, and thus had no basis for seeking relief as an innocent spouse. The court then turned to Davis's statute of limitations theory. Davis, the court held, "neglect[ed] even to discuss . . .[the] theory in his written responses to our orders to show cause, which suggests to us that he no

longer attaches any value to [it]." In sum, the court found, "[n]either by his testimony . . . nor his written responses . . . has Mr. Davis shown us the merit of any averment, claim, or argument advanced by him." Moreover, the court stated, it need not make a finding of bad faith before imposing a monetary sanction on a party pursuant to 26 U.S.C. § 6673(a)(1)(B). Therefore, it held, sanctions totaling $15,000 were appropriate.

That holding was not an abuse of discretion. Davis's challenge to the amount of his underlying tax liability was indeed proscribed by 26 U.S.C. § 6330(c)(2)(B). *See, e.g., Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 624 (6th Cir. 2005); *Gillespie,* 2008 WL 4218808 at *1; *Kindred v. Comm'r,* 454 F.3d 688, 694 n. 15 (7th Cir. 2006) (holding that the Kindreds—represented by Jones—could not challenge their underlying tax liability after receiving notices of deficiency). Davis likewise lacked any legal authority supporting his statute of limitations defense, which was based on a dubious theory advanced by a putative expert witness who was herself not authorized to represent taxpayers before the IRS. In addition, Laura Davis's innocent-spouse claim was, as the tax court held, flatly precluded by her failure to file a Form 8857. *See Kindred*, 454 F.3d at 698 (holding that Mrs. Kindred—represented by Jones—could not claim innocent-spouse relief where she failed to file a Form 8857). The Davises complained about the IRS's failure to consider collection alternatives that they never proposed, and its failure to produce documents they never requested—which again were precisely the stalling tactics attempted, and sanctioned, in *Gillespie. See* 2008 WL 4218808 at *1; *see also Kindred*, 454 F.3d at 696 ("The Kindreds' argument that they should have been allowed to submit an offer in compromise is frivolous" because "the Kindreds failed to ever actually make an offer in compromise").

All of this is more than "enough to show that the petition was frivolous, as the Tax Court found." *Gillespie*, 2008 WL 4218808 at *2. None of Davis's other arguments on appeal—most of which lack any citation to legal authority—diminish this core holding. "There is no right to engage in frivolous litigation in order to delay collection." *Id.* The tax court did not abuse its discretion in imposing sanctions upon Davis pursuant to 26 U.S.C. § 6673(a)(1).

III.

For these reasons, we affirm the orders of the tax court.