T.C. Memo. 2009-174

UNITED STATES TAX COURT

ROBERT POWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18134-06L.                    Filed July 21, 2009.

Robert Powell, pro se.

<u>Martha J. Weber</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>: This case was filed in response to a notice of
determination concerning collection action.  It is before the
Court on (1) respondent's motion for summary judgment and to
impose a penalty under section 6673 against petitioner, and (2)
the Court's order to show cause directed at petitioner's counsel
requiring him to explain why counsel should not be required under

section 6673(a)(2) to pay personally any excess costs, expenses, and attorneys' fees reasonably incurred because of his conduct in this case. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Tennessee at the time his petition was filed. He received compensation for services and other forms of taxable income during 1999, 2000, 2001, and 2002. Petitioner failed to file valid Federal income tax returns for those years, and he claims that he is not required to file returns or pay taxes on money earned from his labor or services. He also makes other frivolous arguments about whether he is a "taxpayer" or an "individual" under the Internal Revenue Code.

The Internal Revenue Service (IRS) sent statutory notices of deficiency to petitioner. Although he received the notices of deficiency, petitioner did not file petitions in this Court, and the amounts determined in the notices were assessed. The IRS also determined a frivolous return penalty for 1999 under section 6702. (Although the petition included reference to the section 6702 penalty, that part of the case was dismissed for lack of jurisdiction because the determination appealed by the petition

was made before the effective date of the amendment of section 6330(d)(1) by the Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.)

On October 12, 2005, the IRS sent to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing in order to enforce collection of the unpaid liabilities for 1999 through 2002. The notice showed then-outstanding liabilities totaling $434,796.64. By letter dated October 25, 2005, petitioner requested a hearing and made various spurious demands. He claimed to have researched the Constitution, the Internal Revenue Code, caselaw, and "other publications" and asserted: "My research has lead [sic] me to the conclusion that I am NOT required by any law to file an individual tax return or pay income tax on the money I earn from my labor or services."

On April 21, 2006, a settlement officer responded to petitioner's request for a hearing and advised petitioner that the items mentioned in his request are items that courts have determined are frivolous or groundless. The letter advised petitioner that "Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned", indicated the alternatives available to petitioner, and scheduled a telephone conference. Petitioner responded with a letter dated May 10, 2006, repeating his demands and making

threats.  Petitioner acknowledged that he had reviewed the IRS publication entitled "The Truth About Frivolous Tax Arguments", but he denied that the publication addressed the issues he had raised.

On August 11, 2006, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioner.  The notice sustained the proposed levy, noting that petitioner had raised only frivolous issues and had been warned that if he persisted in raising frivolous arguments, the Court may impose sanctions under section 6673.

In his petition filed September 11, 2006, petitioner sought relief "on all non-frivolous issues" but did not specify errors in the notice of determination.

On August 31, 2007, Respondent's Motion For Summary Judgment (first motion for summary judgment) was filed.  Respondent set out the history of petitioner's frivolous arguments and requested a penalty under section 6673.  At the hearing on the motion for summary judgment, respondent's counsel disclosed to the Court that certain additions to tax reflected in the transcripts of petitioner's account had been improperly assessed and would be abated.  The first motion for summary judgment was denied, and the Court stated that satisfaction of the requirements of section 6330 should be demonstrated at trial rather than in a summary adjudication.  The Court was also concerned with unjustified

delay in resolving this action because of the infrequency of trial sessions in Memphis, Tennessee, the place of trial requested by petitioner.

On November 14, 2008, Respondent's Motion For Summary Judgment and to Impose a Penalty Under I.R.C. Section 6673 (second motion for summary judgment), which is now pending, and Respondent's Motion to Permit Levy were filed. The pending Order to Show Cause dated February 4, 2009, recounted additional history and included the following:

> By notice served January 8, 2008, this case was set for trial in Memphis on June 9, 2008. On June 5, 2008, petitioner moved for a continuance, which was not opposed by respondent, on the ground that he had employed counsel, Jerold Barringer, "so that Mr. Barringer and Petitioner can eliminate issues Petitioner sought to raise, but which would be foreclosed" at trial. The Court reluctantly granted the continuance.

> By notice served November 18, 2008, this case was set for trial in Memphis on April 20, 2009. Respondent's pending motions apparently crossed in the mail with the notice of trial. Respondent's motions recount the history of frivolous arguments made by petitioner, establish that petitioner is precluded from disputing the underlying liabilities in this case because of his receipt of statutory notices of deficiency, explain that the invalid assessments of certain penalties have been abated, and assert that respondent has shown good cause for the removal of the suspension of the levy that results during the pendency of this action. Petitioner's response does not raise a bona fide material issue of fact but merely seeks more time to pursue discovery. Petitioner's argument that respondent's motions should be denied because they are premature until petitioner secures responses to his various inquiries is patently for the purpose of delay. Petitioner's interrogatories indirectly assert stale tax defiance arguments about terms such as "taxpayer",

"person", "non-resident alien", "income", and other non-meritorious arguments about delegated authority. These arguments are directed to the underlying liabilities that will not be considered in this case.

We agree with respondent and conclude that petitioner's pursuit of frivolous and groundless arguments throughout the collection review process is intended to delay collection. Under such circumstances, levy action should not be suspended. Section 6630(e)(2). See Burke v. Commissioner, 124 T.C. 189, 196-197 (2005).

The discovery of the invalid assessment of certain penalties that led to the Court's denial of respondent's prior motion for summary judgment was made and disclosed by respondent and was not revealed by petitioner's frivolous and dilatory tactics. That concession by respondent does not preclude an otherwise appropriate penalty under section 6673. Petitioner's counsel, rather than resolving issues as represented in the petitioner's motion for continuance filed June 5, 2008, has continued the frivolous and dilatory course of conduct and seeks to multiply these proceedings unreasonably and vexatiously. See section 6673(a)(2). Petitioner's counsel is fully aware of the consequences of pursuing frivolous arguments. See United States v. Patridge, 507 F.3d 1092, 1095-1097 (7th Cir. 2007). Upon due consideration and for cause, it is hereby

ORDERED that respondent's Motion to Permit Levy filed November 14, 2008, is granted pursuant to section 6630(e)(2), and the levy action that is the basis of this proceeding is not suspended. It is further

ORDERED that respondent's Motion for Summary Judgment and to Impose a Penalty Under I.R.C. section 6673 is set for hearing on April 20, 2009, at the trial session of the Court theretofore scheduled to commence at 10:00 A.M. in Room 1006, Federal Building, 167 North Main Street, Memphis, TN 38103. Trial may proceed immediately if the motion for summary judgment is denied, and this case will not be further continued. It is further

ORDERED that at the hearing on April 20, 2009, petitioner's counsel, Jerold W. Barringer, shall show cause, if any he has, why he should not be required

under section 6673(a)(2) to pay personally any excess costs, expenses, and attorneys' fees reasonably incurred because of his conduct in this case. It is further

ORDERED that at the hearing on April 20, 2009, respondent shall present evidence of costs, expenses, and attorneys' fees, if any, that respondent would claim under section 6673(a)(2).

On April 15, 2009, the Court received a letter from petitioner in which he claimed that his counsel, Jerold W. Barringer (Barringer), had failed to communicate with him. The letter stated in part: "I am in the process of preparing motions, the purpose of which is to obtain postponement of the scheduled trial date so I can retain another lawyer, complete Discovery and otherwise prepare for trial."

When the case was called on April 20, 2009, petitioner's letter was filed as a motion to withdraw counsel. Barringer stated:

We've had a breakdown of communication. I have, in fact, sent emails to Mr. Powell, as well as left phone messages for him, but we have different theories about where this case is going or what this case could do, and for some time now I've not been able to pursue the issues he wants to pursue, so I don't know how I can represent what he wants to do. I have a different theory of where the case could conceivably go, but I don't know whether he wants to go that route.

Respondent's counsel did not oppose withdrawal of petitioner's counsel but did oppose a continuance. Respondent's counsel filed a declaration describing respondent's attorneys' time and claiming $6,275 as the amount to be awarded under section

6673(a)(2). Barringer was allowed 30 days to respond to the claimed costs, and the motion to withdraw counsel was granted.

Petitioner proceeded pro se and persisted in his demands for discovery and a continuance. He submitted an Offer of Proof in which he set forth his frivolous arguments that he is not an individual required to file income tax returns or pay taxes and complained of the denial of a face-to-face hearing and denial of discovery. He did not raise any issue of material fact precluding summary judgment.

Barringer's Response and Objection to Motion For 6673 Sanctions and Response to Request for Attorneys Fees was filed May 20, 2009. He challenges the validity of the assessment and other documents on the alleged absence of appropriate signatures by IRS personnel. He claims that respondent was obligated to produce a Form 23C, Assessment Certificate--Summary Record of Assessments, and copies of the notices of deficiency petitioner requested as a pro se, even though Barringer has acknowledged to respondent's counsel that petitioner received the notices of deficiency. He insists that the discovery was appropriate because "Petitioner has sought to know exactly how all the provisions of the I.R.C. apply to him", but he asserts that "Petitioner would not have agreed to any issue, ever, as demonstrated in open court on April 20, 2009." The latter statement is made in support of Barringer's argument that

counsel's involvement was not the cause of the time expended by respondent's counsel that is the basis of the claim under section 6673(a)(2).

## Discussion

Petitioner has not been deterred by the multiple warnings that his arguments are frivolous, and his former counsel argues, persuasively, that petitioner would never give up his arguments.

Despite repeated warnings by respondent and the Court, petitioner continues to maintain the same frivolous positions and to impose extra burdens on respondent in pursuing matters where there is no reasonable dispute. Arguments that compensation for services is not taxable have been repeatedly and thoroughly rejected in cases too numerous to mention. Arguments such as those pursued by petitioner have resulted in criminal convictions, e.g., United States v. Sloan, 939 F.2d 499 (7th Cir. 1991; United States v. Collins, 920 F.2d 619 (10th Cir. 1990); civil fraud penalties, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); Chase v. Commissioner, T.C. Memo. 2004-142; section 6673 penalties, e.g., Sawukaytis v. Commissioner, T.C. Memo. 2002-156, affd. 102 Fed. Appx. 29 (6th Cir. 2004); and sanctions for frivolous appeals, e.g., Martin v. Commissioner, 756 F.2d 38 (6th Cir. 1985), affg. T.C. Memo. 1983-473; Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984), affg. T.C. Memo. 1983-474. In any

event, arguments about his underlying liability for the taxes were precluded by section 6330(c)(2)(B) because petitioner received notices of deficiency for the years in dispute.

In the context of cases brought under section 6330, procedural arguments such as those made by petitioner and now by Barringer have been refuted repeatedly. See, e.g., Roberts v. Commissioner, 118 T.C. 365, 372-373 (2002) (and cases cited threat) (section 6673 penalty imposed on the taxpayer, who had been counsel in prior cases), affd. 329 F.3d 1224 (11th Cir. 2003); see also Craig v. Commissioner, 119 T.C. 252, 261-264 (2002); Pierson v. Commissioner, 115 T.C. 576, 579-580 (2000); Davis v. Commissioner, 115 T.C. 35 (2000). The arguments made and the cases rejecting them are cited in the IRS publication, "The Truth About Frivolous Tax Arguments", sec. II (Feb. 1, 2009), available on the IRS Web site at www.irs.gov, which petitioner acknowledges reviewing. Under the circumstances, petitioner did not have a right to a face-to-face hearing. See Lunsford v. Commissioner, 117 T.C. 183 (2001). (Because of the demonstrated abuses of the section 6330 procedures, in the Tax Relief and Health Care Act of 2006, Pub. L. 109-432, div. A, sec. 407(a), 120 Stat. 2960, Congress has added a penalty for frivolous submissions including submissions under section 6330. Sec. 6702(b)(2)(B)(i)(II); see Notice 2008-14, 2008-1 C.B. 310.)

Neither petitioner nor Barringer acknowledges the authorities showing that their arguments are totally lacking in merit and have no likelihood of success. In similar circumstances in United States v. Patridge, 507 F.3d 1092, 1095-1097 (7th Cir. 2007), the Court of Appeals described Barringer's "inability to distinguish between plausible and preposterous arguments" and characterized him as a "recidivist" for ignoring that court's "2006 decision reminding him that taxpayers cannot use a request for a collection hearing to contest their substantive liability." In the absence of any acknowledgment of current law, there is no indication of a good-faith attempt to change it. See Rule 201(a); Model Rules of Profl. Conduct R. 3.1 (2008). We conclude that Barringer was adequately warned yet persisted. Thus his conduct was reckless and in bad faith. See Takaba v. Commissioner, 119 T.C. 285 (2002); Davis v. Commissioner, T.C. Memo. 2007-201, affd. 301 Fed. Appx. 398 (6th Cir. 2008); Gillespie v. Commissioner, T.C. Memo. 2007-202, affd. 292 Fed. Appx. 517 (7th Cir. 2008); Edwards v. Commissioner, T.C. Memo. 2003-149, affd. 119 Fed. Appx. 293 (D.C. Cir. 2005).

According to Barringer, all of his conduct in this case was consistent with demands of petitioner. Petitioner's conduct while acting pro se was totally groundless and patently for the purpose of delay. On the entire record, a penalty will be awarded against petitioner in the amount of $25,000.

Respondent's itemization claims 36.25 hours as "excess hours attributable to the involvement of petitioner's counsel" and includes time for preparation of the second motion for summary judgment, time spent as a result of the frivolous discovery requests sent by Barringer after he entered his appearance in the case, and time spent in response to the Court's order to show cause. Respondent sets out the time and experience of various attorneys and proposes rates previously adopted by the Court. See Takaba v. Commissioner, supra at 303-305; Harper v. Commissioner, 99 T.C. 533, 551 (1992).

Barringer claims that the time spent in relation to the second motion for summary judgment would have been necessary even without his involvement. He attempts to excuse his submission of the interrogatories on the basis that they were demanded by his client. He does not dispute the reasonableness of the hourly rates suggested for the various attorneys based on their experience.

In denying the first motion for summary judgment, the Court expressly stated that satisfaction of the requirements of section 6330 should be demonstrated at trial rather than in a summary adjudication. The case was submitted on the second motion for summary judgment at the time of trial because petitioner offered only the same stale frivolous arguments he had pursued from the beginning of the administrative proceedings and did not

demonstrate any remaining material issues of fact.  The same result would have been achieved without the second motion for summary judgment.  We do not accept Barringer's argument that the second motion for summary judgment would have been necessary without his involvement.  We believe that it was unnecessary with or without his involvement.  It was a choice by respondent to disregard the advice of the Court, and we decline to require Barringer to compensate respondent for that choice.

Effecting delay and unnecessary responses through abuse of the discovery process is an appropriate basis for an award under section 6673(a)(2).  See Johnson v. Commissioner, 116 T.C. 111 (2001), affd. 289 F.3d 452, 456-457 (7th Cir. 2002).  The motion to permit levy was an appropriate response to the continuance and delays caused by the false representation that Barringer's entry of appearance would lead to reasoned resolution of this case. Costs of supervising counsel are recoverable.  See Takaba v. Commissioner, supra at 304-305.  Barringer complains about time spent in consultations among and between respondent's counsel, but that time was appropriate because of respondent's cautious approach to seeking sanctions by reason of counsel's conduct and because the motion to permit levy is not a frequently employed option.

Excluding time spent in preparation of the second motion for summary judgment, we conclude that the recoverable amount

reasonably incurred as a result of Barringer's unreasonable and vexatious conduct is 7.5 hours at $150 per hour and 18 hours at $200 per hour, for a total award of $4,725 under section 6673(a)(2).

An appropriate order and decision will be entered.