**Jerold W. BARRINGER, Appellant**

v.

**UNITED STATES TAX COURT, Appellee.**

No. 09–1266.

United States Court of Appeals, District of Columbia Circuit.

Dec. 2, 2010.

Rehearing En Banc Denied Jan. 31, 2011.

Jerold W. Barringer, Nokomis, IL, pro se.

Patricia M. Bowman, Teresa E. McLaughlin, Gilbert Steven Rothenberg, Esquire, Deputy Assistant, U.S. Department of Justice, Washington, DC, for Appellee.

Before: ROGERS, TATEL and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal from the imposition of a monetary sanction by the United States Tax Court on appellant as counsel for the

taxpayer was presented to the court, and briefed and argued by counsel appearing *pro se* and by counsel for appellee.[1] This court has jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). Because the appeal has been fully briefed and argued, the judicial economy rationale of the Tax Court's suggestion this appeal be transferred to the Sixth Circuit where the taxpayer's appeal is pending, no longer exists. The opinion and orders of the Tax Court with regard to the sanction of appellant are AFFIRMED.

This court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). The Tax Court ruled that the procedural arguments raised by counsel for the taxpayer had been repeatedly rejected in cases brought pursuant to 26 U.S.C. § 6330. Inasmuch as counsel "was adequately warned yet persisted," the court found that "his conduct was reckless and in bad faith." *Mem. Op.* at 11. Accordingly, the court imposed a monetary sanction upon counsel for unreasonable and vexatious conduct pursuant to 26 U.S.C. § 6673(a)(2). Counsel had persisted in raising arguments with respect to the existence or amount of the taxpayer's tax liability in the taxpayer's collection due process hearing even though such challenges were barred because the taxpayer, upon receiving notices of deficiency, had failed to seek redetermination in the Tax Court of the amount of taxes owed. *See id.* at 9–10 (citing, *e.g.,* 26 U.S.C. § 6330(c)(2)(B); *Roberts v. Comm'r,* 118 T.C. 365, 372–73 (2002) (citing cases)); *see also, e.g., Kindred v. Comm'r,* 454 F.3d 688, 699 (7th Cir.2006). Appellant does not challenge the statute and cases relied on by the Tax Court. We find no abuse of discretion. *See Johnson*

*v. Comm'r,* 289 F.3d 452, 456 (7th Cir. 2002); *cf. United States v. Patridge,* 507 F.3d 1092, 1095 (7th Cir.2007).

Appellant now attempts to reframe his argument challenging the authority of the Commissioner to collect the taxes assessed against the taxpayer as a claim that the Tax Court lacked jurisdiction to hear the taxpayer's case. In his briefs, however, appellant did not frame his argument in jurisdictional terms, but rather in terms of the taxpayer's liability. Specifically, he contended that the agency's elimination of its regional district structure (pursuant to the Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, 112 Stat. 685 (1998)) stripped the Commissioner of statutory authority to collect taxes. *See, e.g.,* Appellant's Br. 9–10. The Tax Court construed appellant's arguments as concerning liability rather than jurisdiction in rejecting them. *See Mem. Op.* at 9–10. When asked where the jurisdictional argument had been raised in his briefs, appellant pointed to page 6 of his reply brief. But there, too, appellant stated that he and the taxpayer "were challenging whether the [Commissioner] had complied with all 'applicable laws and administrative procedures.'" Reply Br. 6.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.